**Saida Virginia Flores CAMPOS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–72554.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Saida Virginia Flores Campos, Selma, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Kurt B. Larson, Esq., Edward C. Durant, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

### MEMORANDUM **

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Saida Virginia Flores Campos, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review in part and dismiss in part.

The BIA did not abuse its discretion by denying the motion to reopen, where the BIA considered the new evidence of Flores' son's psychological problems and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law").

In the motion to reopen, Flores also presented evidence that she had given birth to another child, but did not claim that the new child had any medical or other problems. The remaining evidence Flores presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that Flores failed to establish the requisite hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the

hardship standard.") (internal quotations and brackets omitted).

Flores' contention that the BIA violated her due process rights by disregarding her evidence of hardship is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**